IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL A. SANCHEZ (BOP Register No. 34437-380), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-2407-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Angel A. Sanchez, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Sanchez] is not entitled to relief." *Id.*

**Applicable Background**

Sanchez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(viii), and conspiracy to launder monetary instruments and aiding and abetting, in violation

of 18 U.S.C. §§ 1956(a)(2)(A), (h), and 2. And he was sentenced to a total term of 264 months' imprisonment (concurrent terms of 264 months for the drug-conspiracy conviction and 240 months for the money-laundering conviction). The Court departed below the advisory sentencing range of 720 months' imprisonment pursuant to U.S.S.G. § 5K1.1.

While Sanchez's criminal history category was I, the base offense level for the drug-conspiracy conviction was determined by the amount of drugs for which he was held accountable, and his offense level was enhanced because, among other specific offense characteristics, Sanchez was involved in arranging the purchase of five assault rifles and magazines. *See* U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.").

Through the current motion, it appears that Sanchez's sole ground for relief is that the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – under which "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. The Supreme Court has made that decision retroactively applicable. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

As Sanchez concludes,

IT SHALL BE PRAYED THAT, Petitioner's sentence, as set forth and

prescribed under the instant offense, shall qualify for sentence vacate, formal correction, or to be set aside, all upon remand and rehearing through the guise of New Constitutional Law made retroactive for those cases previously subject to sentence enhancement under §2D1.1(b)(1) for crimes associated "possession of a deadly weapon (firearm)" and "in furtherance of drug trafficking" whereupon, such enhancement was based solely on the "elements" surrounding the actions or inactions of the conviction, with no foundational "evidence" to support the prescribed weapons violation. Where there shall exist no foundational support to show "brandishing", "firing", "threatening", "trading or transacting with", or any other possession-specific grounds to meet the Congressional intent of the U.S.S.G. §2D1.1(b)(l) requirement, and more specifically, that no such propensity existed to support "threat of physical injury to another", due primarily to the weapon named as being outside of the "proximity" or "reasonable access" necessary to generate the potentiality for threat. And all as ripe for review and remand upon application of <u>Johnson vs United States</u>.

Dkt. No. 2 at 20.

## Legal Standards and Analysis

Whether *Johnson* should be expanded to criminal statutes other than ACCA that contain similarly worded language – and even to similar language in the advisory sentencing guidelines – is certainly an issue before many courts at the moment. *See, e.g., In re Fields*, ___ F.3d ____, No. 16-50521, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam) (refusing to authorize successive, *Johnson*-based challenge "to the differently worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B)); *Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting petition for certiorari to address, among other things, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable

on collateral review); *United States v. Gonzalez-Longoria*, ___ F.3d ___, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) (en banc) (holding "that 18 U.S.C. § 16(b) is not unconstitutionally vague" in light of *Johnson*).

But Sanchez's argument for expanding the holding of *Johnson* to Section 2D1.1(b)(1) should be rejected, and this Court should adopt the reasoning of other courts that have rejected such an extension:

> *Johnson* and its progeny have no effect on the two point enhancement for possessing a firearm in U.S.S.G. § 2D1.1(b)(1).... *Johnson* serves to invalidate a portion of the definition of a "crime of violence" as utilized in the ACCA. Defendant argues that the reasoning in *Johnson* should apply to the sentencing guidelines; however, even if it did, it would not serve to invalidate the specific two point enhancement that affected Defendant's sentence. While Defendant is correct that some courts have applied *Johnson* reasoning beyond the ACCA, for example to the residual clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the two level enhancement for possessing a dangerous weapon. U.S.S.G. § 2D1.1(b)(1) does not have a residual clause that could be held unconstitutionally vague; instead, it clearly lays out which convictions (all related to drug offenses) could receive the two point enhancement for possessing a dangerous weapon. Therefore, *Johnson* cannot serve to invalidate the enhancement received by Defendant.

*United States v. Beckham*, Cr. No. 0:10-1212-CMC, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016); *see United States v. Munoz*, ___ F. Supp. 3d ___, Case Nos. 09-cr-0109 (27) (JNE) & 16-cv-2444 (JNE), 2016 WL 4059225, at *3 (D. Minn. July 19, 2016) ("It is difficult to see what *Johnson* has to do with § 2D1.1(b)(1). Again, *Johnson* invalidated the phrase 'otherwise involves conduct that presents a serious potential risk of physical injury to another' as used in the ACCA. That phrase does not appear in § 2D1.1(b)(1). The only connection between *Johnson* and § 2D1.1(b)(1) is that both concern unlawful possession of a firearm. But this glancing similarity, taken alone,

does not transform Ochoa Munoz's claim that the Court should not have applied § 2D1.1(b)(1) at sentencing into a claim under the new rule established by *Johnson*."); *see also Carrasco v. United States*, ___ F. Supp. 3d ___, 01-CR-0021 (VM) & 16-CV-3952 (VM), 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016); *United States v. Ramos*, Crim. A. No. 06-275-KD, 2016 WL 1611483, at *1-*2 (S.D. Ala. Apr. 21, 2016); *Heard v. United States*, Nos. 8:16-cv-1475-T-30AAS & 8:12-cr-52-T-30AAS, 2016 WL 3219718, at *1 (M.D. Fla. June 10, 2016); *United States v. Romero*, Case No. 05-20017-02-JWL, 2016 WL 4128418, at *1 (D. Kan. Aug. 3, 2016).

Adopting the above reasoning, it "plainly appears" that Sanchez "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

### Recommendation

The Court should summarily dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by


reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE