IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL A. SANCHEZ<br>(BOP Register No. 34437-380),<br><br>Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | § § § § § § § § § § § | No. 3:16-cv-2407-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Angel A. Sanchez, a federal prisoner, proceeding *pro se*, has filed a motion liberally construed as requesting reconsideration of the Court's September 20, 2016 judgment dismissing Sanchez's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules"). *See* Dkt. No. 9. Chief Judge Barbara M. G. Lynn has referred the motion to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 10 (citing 28 U.S.C. § 636(b)). The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

**Applicable Background**

Sanchez is currently serving a total term of imprisonment of 264 months, in part due to a drug-conspiracy conviction. Relevant here, the guideline sentence tied to that conviction was enhanced two levels under U.S.S.G. § 2D1.1(b)(1) because Sanchez was

involved in arranging the purchase of five assault rifles and magazines. Sanchez's sole ground for postconviction relief is that the firearm enhancement under Section 2D1.1(b)(1) is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In rejecting his *Johnson*-based vagueness challenge to Section 2D1.1(b)(1), the Court held that "'*Johnson* and its progeny have no effect on the two point enhancement for possessing a firearm in U.S.S.G. § 2D1.1(b)(1).'" Dkt. No. 4 (findings, conclusions, and recommendation of the magistrate judge) at 4 (quoting *United States v. Beckham*, Cr. No. 0:10-1212-CMC, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016) (While "some courts have applied *Johnson* reasoning beyond the ACCA, for example to the residual clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the two level enhancement for possessing a dangerous weapon. U.S.S.G. § 2D1.1(b)(1) does not have a residual clause that could be held unconstitutionally vague; instead, it clearly lays out which convictions (all related to drug offenses) could receive the two point enhancement for possessing a dangerous weapon.")), *accepted*, Dkt. No. 7.

### Legal Standards and Analysis

Typically, a motion for reconsideration is made pursuant to Federal Rule of Civil Procedure 59(e), which allows a motion to alter or amend a judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996). A Rule 59(e) motion must be filed within 28 days of judgment (as Sanchez has done), and such motions are allowed in federal habeas practice. *See, e.g.*, *United States v. Jaimes-Valdez*, CR. No. C-07-398(2) & C.A. No. 09-222, 2011 WL 4344096, at *1 (S.D. Tex. Sept. 14, 2011) (citing

Rule 12, Section 2255 Rules).

The Court has considerable discretion when deciding such a motion, the narrow purpose of which is to allow a party to correct manifest errors of law or fact or present newly discovered evidence. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *Montfort Square Shopping Center, Ltd. v. Goodyear Tire & Rubber Co.*, No. 3:10-cv-1673-D, 2012 WL 3870625, at *1 n.1 (N.D. Tex. Sept. 6, 2012). Motions for reconsideration cannot be used to raise arguments that could have been made before or to re-urge matters that have already been advanced by a party. *See Waltman*, 875 F.2d at 473-74.

Sanchez argues that the judgment in this action should be vacated and that consideration of his claim should be stayed while the Court awaits a decision from the United States Supreme Court in *Beckles v. United States*, 136 S. Ct. 2510 (2016), in which certiorari review was granted to address, among other things, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review. *See* Dkt. No. 9.

In *Beckles*, the Supreme Court may decide that the sentencing guidelines are subject to vagueness challenges while considering language in the guidelines identical to the language found to be unconstitutionally vague in *Johnson. See, e.g.*, *United States v. Litzy*, 137 F. Supp. 3d 920, 929-930 (S.D. W. Va. 2015) ("The residual clause

in the career offender enhancement is identical to the residual clause in the ACCA. In fact, The Sentencing Commission adopted verbatim the residual clause of the ACCA." (footnote and citation omitted)).

But, even if the Supreme Court in *Beckles* was to hold that the guidelines are subject to vagueness challenges, such a decision would not benefit Sanchez, because *Johnson* as applied through an outcome favorable to Sanchez in *Beckles* would not affect the guideline enhancement that Sanchez challenges. *See, e.g.*, *United States v. Munoz*, ___ F. Supp. 3d ___, Nos. 09-cr-0109 (27) (JNE) & 16-cv-2444 (JNE), 2016 WL 4059225, at *3 (D. Minn. July 19, 2016) ("It is difficult to see what *Johnson* has to do with § 2D1.1(b)(1). Again, *Johnson* invalidated the phrase 'otherwise involves conduct that presents a serious potential risk of physical injury to another' as used in the ACCA. That phrase does not appear in § 2D1.1(b)(1). The only connection between *Johnson* and § 2D1.1(b)(1) is that both concern unlawful possession of a firearm. But this glancing similarity, taken alone, does not transform Ochoa Munoz's claim that the Court should not have applied § 2D1.1(b)(1) at sentencing into a claim under the new rule established by *Johnson*.").

For these reasons, Sanchez has failed to raise an error of law that the Court should correct or otherwise show that the Court's judgment should be altered or amended.

### Recommendation

The Court should deny the motion for reconsideration [Dkt. No. 9].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE